SRM

1  **WO**

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**
7                                  **DISTRICT OF ARIZONA**

8  |  **Dennis E. Adkins, Jr.,**            |  CV-05-0374-PHX-SMM (LOA)
       Plaintiff
9      -vs-
   **Sheriff Joe M. Arpaio,  et al.,**      |  **ORDER**
10     Defendant(s)

11

12         Under consideration is Defendant Arpaio's Motion to Dismiss, filed July 14, 2005

13  (#12).

14         **Background** - Plaintiff, previously an inmate in the Maricopa County Jail,[1] instituted

15  this action on January 31, 2005, by filing his original Complaint (#1).  That Complaint was

16  dismissed with leave to amend (#4), and on March 16, 2005, Plaintiff filed his First Amended

17  Complaint (#8).  The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a), and

18  dismissed Defendant Maricopa County Board of Supervisors. An answer was ordered from

19  Defendant Arpaio.

20         Plaintiff's First Amended Complaint alleges three grounds for relief: (1) that his safety

21  was threatened by overcrowding; (2) that his safety was threatened due to the number of

22  inmates and the lack of recreation time; and (3) that the conditions in the jail were unsanitary.

23         Defendant Arpaio filed this Motion to Dismiss on July 14, 2005 (#12), arguing that

24  Plaintiff had failed to exhaust his available administrative remedies, and therefore the

25  Complaint was subject to dismissal.  On July 21, 2005, Magistrate Judge Anderson set a

26  briefing schedule requiring Plaintiff to respond to the motion by August 30, 2005 (#13).

27

28         [1] Plaintiff has since filed a Notice of Change of Address (#9), reflecting his incarceration at the Arizona State
   Prison Complex in Tucson.

- 1 -

1    Plaintiff has not responded.

2         **Motion to Dismiss** - In his Motion (#12), Defendant argues that Plaintiff had

3    available to him administrative remedies under Maricopa County Sheriff's Office Policy DJ-

4    3 to grieve his claim, but that he failed to do so, and therefore dismissal is required under 42

5    U.S.C. § 1997e(a).  In support of these claims, Defendant submits the Affidavit of Sergeant

6    Amy Grimm, a hearing officer for inmate grievances, introducing Policy DJ-3 and avowing

7    that Plaintiff did not file any grievance during his incarceration by the Maricopa County

8    Sheriff's Office.

9         **Failure to Respond** - Plaintiff has failed to respond to the motion.  The Court's order

10   (#13) setting the briefing schedule warned Plaintiff of the provisions of Local Rule of Civil

11   Procedure 7.2(i), which provides that a failure to respond to a motion can be deemed by the

12   Court to be a consent to the granting of the motion.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54

13   (9th Cir. 1995) (holding that the district court did not abuse its discretion by summarily

14   granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff

15   had time to respond to the motion but failed to do so).

16        Despite being warned of the effect of non-response, Plaintiff has not responded to the

17   motion to dismiss.  Further, Plaintiff has not undertaken any visible action in this proceeding

18   following service of the Complaint.  Accordingly, the Court will exercise its discretion to

19   deem Plaintiff's silence to be a consent to the granting of the motion.

20        Moreover, the Court finds that the motion should be granted on its merits.

21        **Exhaustion Requirement** - Exhaustion of administrative remedies under the Prison

22   Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a).  This statute provides

23   that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

24   title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

25   facility until such administrative remedies as are available are exhausted."  42 U.S.C. §

26   1997e(a).  This language has been interpreted to require "that an inmate must exhaust

27   [available remedies] irrespective of the forms of relief sought and offered through

28   administrative avenues."  *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001).  Additionally,

1   the Court should not "read futility or other exceptions into statutory exhaustion requirements"

2   where the statute provides for no such exceptions. *See id.*  The exhaustion requirement

3   "applies to all inmate suits about prison life, whether they involve general circumstances or

4   particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  A plaintiff must fully

5   exhaust his administrative remedies before filing a complaint. *McKinney v. Carey*, 311 F.3d

6   1198, 1199-1200 (9th Cir. 2002).  "If the district court concludes that the prisoner has not

7   exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without

8   prejudice." *Wyatt*, 315 F.3d at 1120.

9   **Standard for Granting Unenumerated Rule 12(b) Motion** - The failure to exhaust

10  administrative remedies under the PLRA is treated as a matter in abatement and is properly

11  raised in an unenumerated Rule 12(b) motion. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119

12  (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003).   Exhaustion is an affirmative defense;

13  establishing exhaustion of administrative remedies under the PLRA is not a pleading

14  requirement or a jurisdictional prerequisite.  *Wyatt*, 315 F.3d at 1119.  Therefore, the

15  defendant bears the burden of proving that plaintiff had available administrative remedies

16  that he did not utilize. *Id*.; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

17   "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the

18  court may look beyond the pleadings and decide disputed issues of fact." *Wyatt,* 315 F.3d

19  at 1119-20.  "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so

20  long as no exception to exhaustion applies." *Id.* at 1120.

21  **Failure to Exhaust Available Administrative Remedies** - Defendant has shown that

22  Plaintiff had available to him the standard inmate grievance procedures under Policy DJ-3

23  to grieve his claims.  Defendants further argue that Plaintiff's complaint asserts that despite

24  the availability of administrative remedies, that he failed to exhaust them.

25  While Plaintiff's Complaint does admit a failure to exhaust remedies, it also alleges

26  that Plaintiff was told that his issues were not grievable.  The PLRA only requires that

27  administrative remedies which are "available" to the plaintiff be exhausted prior to bringing

28  suit. *See* 42 U.S.C. § 1997e(a).  Because the statute requires the remedy to be "available" to

1   the prisoner, it is possible for a prisoner to exhaust his administrative remedies without his

2   claims being denied at the highest level of administrative review specified by the relevant

3   prison policies.  For example, the federal courts have held that refusing an inmate grievance

4   forms could raise an inference that the prisoner has exhausted his "available" administrative

5   remedies.  *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that the district

6   court erred by dismissing  an inmate's section 1983 claim based on his failure to exhaust

7   because the district court did not consider the inmate's allegation that prison officials refused

8   to provide him with grievance forms); *Miller v. Norris*, 247 F.3d 736,  740 (8th Cir. 2001)

9   (concluding that any remedy that prison officials prevent a prisoner from utilizing is not a

10  remedy which is available as that term is defined in section 1997e(a)).

11       However, Plaintiff fails to provide details that lend credibility to his allegations that

12  his requests to grieve his issues were denied.  He does not identify who told him his issues

13  were not grievable, or whether it was a prison official or another inmate.  Moreover, Plaintiff

14  offers no evidence that he attempted to have his grievances heard through some other means,

15  e.g. by attempting to submit a grievance without a form, or by challenging the denial of the

16  grievance forms with other officials.  *See Jones v. Smith*, 266 F.3d 399, 399 (6th Cir. 2001)

17  (concluding that dismissal for failure to exhaust was proper because the plaintiff failed to

18  allege that the prison official who refused to provide a grievance form was the only source

19  of those forms or that plaintiff made other attempts to obtain a form or file a grievance

20  without a form).  Plaintiff's bare allegations, in and of themselves, are insufficient to

21  establish that the jail's grievance procedures were unavailable.

22       Accordingly, Plaintiff's complaint and this action must be dismissed without

23  prejudice.

24       **IT IS THEREFORE ORDERED** that  Defendant Arpaio's Motion to Dismiss, filed

25  July 14, 2005 (#12) is **GRANTED**.

26       **IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint (#8) and this

27  action are **DISMISSED WITHOUT PREJUDICE**.  The Clerk of the Court shall enter

28  judgment accordingly.

1    DATED this 31st day of January, 2006.

2

3    _____
     Stephen M. McNamee
4    Chief United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28